# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:

ADVENTIST HEALTH
SYSTEM/SUNBELT, INC.,
a Florida not for profit corporation

       Plaintiffs,

v.

CIGNA HEALTHCARE OF FLORIDA, INC.,
a Florida corporation, and CIGNA HEALTH
AND LIFE INSURANCE CO., a
Connecticut corporation.

       Defendants.

_____/

## COMPLAINT

Plaintiff, ADVENTIST HEALTH SYSTEM/SUNBELT, INC. (hereinafter referred to as "AdventHealth"), hereby sues Defendants, CIGNA HEALTHCARE OF FLORIDA, INC. (hereinafter referred to as "Cigna Florida") and CIGNA HEALTH AND LIFE INSURANCE CO. (hereinafter referred to as "Cigna Health") (collectively, Cigna Florida and Cigna Health shall be referred to as "Cigna"), and states as follows:

## I. INTRODUCTION

1.    AdventHealth is a Florida not-for-profit corporation that serves the health care needs of its local communities.

2.    Cigna Florida is a Florida for-profit corporation authorized and licensed under Chapter 641 and 627, Florida Statutes, to issue and administer health maintenance organization

plans ("HMO Plans"), and exclusive provider organization plans ("EPO Plans"), respectively, covering members of the community in and around the State of Florida.

3.     Cigna Health is a Connecticut for-profit corporation that operates in Florida as a licensed accident, health, and life insurer in and around the State of Florida.

4.     Cigna issues and administers HMO and EPO Plans that are offered, including without limitation, on the Patient Protection and Affordable Care Act Marketplace Exchange (hereinafter referred to as "Cigna Exchange Plans").

5.     At all times material to this action, AdventHealth has not been a participating provider within Cigna's Exchange Plans provider network, otherwise known as being "out-of-network" or "non-participating" with Cigna's Exchange Plans.  AdventHealth is a participating provider contracted with Cigna with regard to certain other health care plans – other than Cigna's Exchange Plans.

6.     This suit relates to Cigna's systematic underpayment and denials of out-of-network emergency services and care rendered by AdventHealth's Florida facilities to relieve or eliminate emergency medical conditions of Cigna Exchange Plan members ("Cigna Exchange Plan Members") during the time period beginning with Cigna's introduction of Cigna's Exchange Plans in Florida and continuing through the present (hereinafter, the "Non-Par Period").

7.     The claims at issue in this case do not include any: (i) private employer self-fund group health plans established and maintained under the Employee Retirement Income Security Act of 1974; or (ii) federal government-sponsored products, such as Medicare Advantage, managed Medicaid, or Federal Employee Health Benefits Act programs and/or plans (collectively, the "Excluded Population").

8.      AdventHealth is not suing upon, or relying upon, any purported assignment of coverage or benefits provided by Cigna Exchange Plan Members or upon any rights that Cigna Exchange Plan Members may have to pursue against Cigna.

9.      During the Non-Par Period, Cigna has underpaid or denied AdventHealth's claims for the services at issue in amounts less than the discounted amounts AdventHealth accepts for the same services under AdventHealth's participating provider agreement with Cigna applicable to certain products other than the Cigna Exchange Plans (such amounts, which were less than such discounted rates, or that were otherwise underpayments, are hereinafter referred to as the "De Minimis Amount").

10.     For services and care provided to relieve or eliminate the emergency medical conditions of Cigna Exchange Plan Members during the Non-Par Period, Cigna is liable to AdventHealth for the difference between the out-of-network reimbursement amount prescribed by Florida law for such care and the De Minimis Amount paid, if any amount was paid, by Cigna in violation of Sections 641.513(5) and 627.64194(4), Florida Statutes.

## II.  PARTIES AND JURISDICTION

11.     AdventHealth is a Florida not-for-profit corporation with its principal place of business is located in Orange County, Florida.

12.     Cigna Florida is a Florida for-profit corporation that delivers and issues for delivery individual and group health insurance products and plans in Florida and is authorized to conduct business in the State of Florida.

13.     Cigna Health is a Connecticut for-profit corporation that issues, delivers, and administers individual and group health insurance products and plans in Florida and is authorized to conduct business in the State of Florida.

14.     This Court has personal jurisdiction over Cigna Florida and Cigna Health.

15.     Venue is proper in Orange County where the majority of AdventHealth's causes of action accrued.

16.     All conditions precedent have been met, waived, or excused.

17.     This Court has jurisdiction over this matter because the amount in controversy exceeds eighty million dollars.[1]

### III. BACKGROUND

**A. Federal and Florida Law Obligates: (i) AdventHealth to Provide Emergency Services and Care to Cigna Exchange Plan Members, even though AdventHealth is a non-participating provider; and (ii) Cigna to Pay AdventHealth for Emergency Services and Care provided to Cigna Exchange Plan Members**

18.     The reimbursement rate unilaterally set and paid by Cigna for services and care provided by AdventHealth to relieve or eliminate emergency medical conditions of Cigna Exchange Plan Members is in violation of Sections 641.513(5) and 627.64194(4), Florida Statutes.

19.     Hospitals that operate emergency departments are required by Florida and Federal law to provide emergency services and care to any patient seeking care or treatment for a potential emergency medical condition regardless of the insurance status of a patient or ability to pay.  *See* Fla. Stat. § 395.1041(3)(f); *see also* 42 U.S.C. § 1395dd(b)(1), (h).

20.     Florida law defines the obligation to provide emergency services and care as requiring hospitals to provide "medical screening, examination, and evaluation by a physician, or, to the extent permitted by applicable law, by other appropriate personnel under the supervision of a physician, to determine if an emergency medical condition exists and, if it does, the care, treatment, or surgery by a physician *necessary to relieve or eliminate the emergency medical condition*, within the service capability of the facility."  Fla. Stat. § 395.002(9) (emphasis added).

---

[1] A preliminary Damages Estimate Spreadsheet concerning potential claims at issue will be provided to Respondents' counsel.

21.     Whether there is an emergency medical condition is determined using the Prudent Layperson Standard, described as whether a person "who possesses an average knowledge of health and medicine, could reasonably expect the absence of immediate medical attention to result in" an emergency medical condition as defined by 42 U.S.C. § 1395dd(e)(1)(A). 42 U.S.C. § 300gg-19a(b)(2)(A); *see also* 29 U.S.C. § 1185d(a); Fla. Stat. § 395.002(8)(a).

22.     Section 395.002(8)(a), Florida Statutes, defines an emergency medical condition as a "medical condition manifesting itself by acute symptoms of sufficient severity, which may include severe pain or other acute symptoms, such that the absence of immediate medical attention could ***reasonably*** be expected to result in any of the following: (1) Serious jeopardy to patient health, including a pregnant woman or fetus. (2) Serious impairment to bodily functions. (3) Serious dysfunction of any bodily organ or part." Fla. Stat. § 395.002(8)(a) (emphasis added); *see* 42 U.S.C. § 1395dd(e)(1)(A).

23.     Accordingly, AdventHealth must screen, examine, evaluate, and provide services to Cigna Exchange Plan Members through relief or elimination of the emergency medical conditions as considered by a prudent layperson. Likewise, for the same patients, Cigna must reimburse AdventHealth for the screening, examining, evaluating, and providing of emergency services and care through relief or elimination of the emergency medical condition.

### B.  Cigna Violated Florida Statutes by Underpaying AdventHealth for Services and Care Provided to Relieve or Eliminate the Emergency Medical Conditions of Cigna Exchange Plan Members

24.     Network participating provider agreements generally reflect mutual benefits and obligations carefully negotiated and voluntarily undertaken by providers and payors to offer discounted charges on in-network services and care provided to members of the payor's policies

and plans, otherwise known as the "managed care bargain."[2]  In exchange for offering discounted in-network rates, providers negotiate and contract to receive a quantifiable volume of members seeking services and favorable terms under the network agreement, such as terms restricting a payor's discretion to deny providers' charges and terms providing for contracted payment amounts for services and care covered by the network agreement.

25.    However, out-of-network payors are not entitled to use the discounted amounts negotiated by in-network payors to reimburse providers for out-of-network emergency services and care—let alone the De Minimis Amounts—because the non-participating providers did not agree to such discounts and do not receive any of the reciprocal benefits, such as benefit plan steerage, negotiated and conferred under a participating provider network agreement.

26.    Section 641.513(5), Florida Statutes, establishes the amount that fully insured health maintenance organizations ("HMOs") must reimburse out-of-network providers for emergency services and care rendered to covered members:

> (5) Reimbursement for services pursuant to this section by a provider who does not have a contract with the health maintenance organization shall be the lesser of:
> (a) The provider's charges;
> (b) The usual and customary provider charges for similar services in the community where the services were provided; or
> (c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.

Fla. Stat. § 641.513(5)(a)-(c).

27.    Similarly, Section 627.64194(4), Florida Statutes, provides that plans covered by Chapter 627, Florida Statutes, including, without limitation, exclusive provider organizations

---

[2] "Network providers have agreed to offer benefits or services to the plan's members at prices that the provider and the plan agreed on.  This generally means that they provide a covered benefit at a lower cost to the plan and the plan's members than to someone without insurance or someone in a plan where the provider is out-of-network."  Centers for Medicare and Medicaid Services, *What You Should Know About Provider Networks*, CMS Product No. 11766 (Revised February 2022), https://marketplace.cms.gov/outreach-and-education/what-you-should-know-provider-networks.pdf.

("EPOs") must reimburse out-of-network providers for emergency services and care rendered to covered members at the amounts specified in Section 641.513(5), Florida Statutes.

28.    Cigna Exchange HMO Plans are fully insured commercial health plans to which Section 641.513, Florida Statutes is applicable. Cigna Exchange EPO Plans are fully insured commercial health plans to which Section 627.64194(4), Florida Statutes is applicable. AdventHealth has not signed any agreement with, nor agreed to any discounted amounts from, Cigna for services and care provided during the Non-Par Period to relieve or eliminate the emergency medical conditions of Cigna Exchange Plan Members.

29.    Accordingly, Section 641.513(5) dictates the amounts at which Cigna Exchange Plans must reimburse AdventHealth for services and care provided to relieve or eliminate the emergency medical conditions of Cigna Exchange Plan Members during the Non-Par Period.

30.    At all times material to this action, Cigna has wrongfully underpaid or denied AdventHealth's claims for services and care provided to relieve or eliminate the emergency medical conditions of Cigna Exchange Plan Members during the Non-Par Period at amounts lower than the prescribed amounts set forth in Section 641.513(5), Florida Statutes.

31.    AdventHealth has suffered and continues to suffer damages as a direct consequence of Cigna's inappropriate underpayments and denials of AdventHealth's claims for services and care provided to relieve or eliminate the emergency medical conditions of Cigna Exchange Plan Members during the Non-Par Period.

32.    AdventHealth is entitled to interest for the amounts overdue on the wrongfully underpaid and denied emergency services and care. *See* Fla. Stat. §§§ 641.513, 641.3155(6), and 627.6131(7).

33.     In this lawsuit, AdventHealth seeks to recover the amounts that Cigna wrongfully underpaid or denied for AdventHealth's Florida facilities provision of out-of-network emergency services and care provided during the Non-Par Period to relieve or eliminate emergency medical conditions of Cigna Exchange Plan Members.

## IV. CAUSES OF ACTION

### COUNT I

**VIOLATION OF FLA. STAT. § 641.513(5)—IMPROPER UNDERPAYMENT FOR EMERGENCY SERVICES AND CARE PROVIDED TO CIGNA EXCHANGE PLAN HMO MEMBERS**

34.     AdventHealth realleges and reasserts the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35.     During the Non-Par Period, AdventHealth provided emergency services and care to evaluate, relieve, or eliminate the emergency medical conditions of Cigna Exchange Plan HMO Members.

36.     At all times during the Non-Par Period, AdventHealth and Cigna did not have a written network agreement, nor did the parties come to a mutually agreed upon reimbursement amounts for such emergency services and care.

37.     Therefore, Section 641.513 requires Cigna to compensate and reimburse AdventHealth for out-of-network emergency services and care provided to evaluate, relieve, or eliminate the emergency medical condition, by paying the lesser of the provider's charges or the usual and customary charges for such services in the community where the services were provided.

38.     Instead, Cigna paid AdventHealth De Minimis Amounts unilaterally decided by Cigna. The De Minimis Amounts are far less than AdventHealth's full billed charges (or the maximum amount) required under Section 641.513(5).

39.     Therefore, Cigna breached its obligations under law, including, without limitation, Section 641.513 by wrongfully underpaying and/or denying AdventHealth's claims for emergency services and care provided to relieve or eliminate Cigna Exchange Plan HMO Members' emergency medical conditions as required under Florida and Federal law.

40.     As a direct and proximate result of Cigna's wrongful underpayment and denial of AdventHealth's claims for emergency services and care, AdventHealth has suffered and continues to suffer damages.

41.     For the purpose of calculating damages, AdventHealth's preliminary identification of applicable claims are contained in a Damages Estimate Spreadsheet that will be provided to Cigna's counsel.

WHEREFORE, AdventHealth respectfully requests that this Honorable Court enter judgment for damages in its favor and against Cigna, awarding the following: (i) compensatory damages; (ii) pre-judgment interest as 12% per annum pursuant to Section 641.3155, Florida Statutes, and post judgment interest as provided by Florida law; (iii) taxable costs and expenses; and (iv) provide such other and further relief the Court deems necessary and equitable.

## COUNT II

### VIOLATION OF FLA. STAT. § 627.64194(4)— IMPROPER UNDERPAYMENT FOR EMERGENCY SERVICES AND CARE PROVIDED TO CIGNA EXCHANGE PLAN EPO MEMBERS

42.     AdventHealth realleges and reasserts the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

43.     During the Non-Par Period, AdventHealth provided emergency services and care to evaluate, relieve, or eliminate the emergency medical conditions of Cigna Exchange Plan EPO Plan Members.

44.     At all times during the Non-Par Period, AdventHealth and Cigna did not have a written network agreement, nor did the parties come to a mutually agreed upon reimbursement amount for emergency services and care.

45.     Therefore, Section 627.64194(4) requires Cigna to compensate and reimburse AdventHealth for out-of-network emergency services and care provided to evaluate, relieve, or eliminate the emergency medical condition, in accordance with Section 641.513(5), by paying the lesser of the provider's charges or the usual and customary charges for such services in the community where the services were provided.

46.     Instead, Cigna paid AdventHealth De Minimis Amounts unilaterally decided by Cigna. The De Minimis Amounts are far less than AdventHealth's full billed charges (or the maximum amount) required under Section 641.513(5).

47.     Therefore, Cigna breached its obligations under law, including, without limitation, Section 641.513(5) and 627.64194(4)  by wrongfully underpaying and/or denying AdventHealth's claims for emergency services and care provided to relieve or eliminate Cigna Exchange Plan EPO Members' emergency medical conditions as required under Florida and Federal law.

48.     As a direct and proximate result of Cigna's wrongful underpayment and denial of AdventHealth's claims for emergency services and care, AdventHealth has suffered and continues to suffer damages.

49.     For the purpose of calculating damages, AdventHealth's preliminary identification of applicable claims are contained in a Damages Estimate Spreadsheet that will be provided to Cigna's counsel.

WHEREFORE, AdventHealth respectfully requests that this Honorable Court enter judgment for damages in its favor and against Cigna, awarding the following: (i) compensatory

damages; (ii) pre-judgment interest as 12% per annum pursuant to Section 627.6131(7), Florida

Statutes, and post judgment interest as provided by Florida law; (iii) taxable costs and expenses;

and (iv) provide such other and further relief the Court deems necessary and equitable.

## DEMAND FOR JURY

AdventHealth requests a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Jospeh I. Zumpano*
Joseph I. Zumpano, Esq. (FBN 56091)

**ZUMPANO PATRICIOS, P.A.**

Joseph I. Zumpano, Esq. (FBN 56091)
jzumpano@zplaw.com
Leon N. Patricios, Esq. (FBN 12777)
lpatricios@zplaw.com
Heather Stoessel, Esq. (FBN 0945811)
hstoesell@zplaw.com
312 Minorca Avenue
Coral Gables, FL 33134
Tel: (305) 444-5565
Fax: (305) 444-8588

*Counsel for Adventist Health System/Sunbelt, Inc.*

11